ATTORNEY GENERAL LOVING HAS RECEIVED YOUR LETTER OF SEPTEMBER 27, 1991, REQUESTING AN INFORMAL OPINION ADDRESSING, IN EFFECT, THE FOLLOWING QUESTION:
 CAN THE CITY OF SULPHUR AND MURRAY COUNTY, WORKING TOGETHER AND WITH THE MURRAY COUNTY INDUSTRIAL AUTHORITY, BUILD A PARKING LOT ON THE INDUSTRIAL AUTHORITY'S PROPERTY?
SINCE YOUR LETTER REQUESTS AN INFORMAL OPINION, THE DISCUSSION WHICH FOLLOWS IS THEREFORE, NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL; IT REPRESENTS, RATHER, THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
YOU ATTACHED TO YOUR LETTER A LETTER FROM MR. RON ARMITAGE, DIRECTOR OF THE MURRAY COUNTY ECONOMIC DEVELOPMENT TASK FORCE IN WHICH HE DESCRIBED THE FACTS UNDERLINING YOUR REQUEST FOR AN INFORMAL OPINION. A BRIEF SUMMARY OF THESE FACTS MAY BE HELPFUL. MR. ARMITAGE STATES IN HIS LETTER THAT THE INDUSTRIAL AUTHORITY CONSTRUCTED A COMMERCIAL BUILDING TO HOUSE TWO COMPANIES IN THE COMPUTER RELATED SEMI-CONDUCTOR BUSINESS WHICH THE INDUSTRIAL AUTHORITY LEASED TO THESE TWO COMPANIES FOR TEN YEARS. IN ADDITION TO CONSTRUCTION OF THE BUILDING THE INDUSTRIAL AUTHORITY WAS TO CONSTRUCT AN ASPHALT PARKING LOT. AFTER DISCUSSIONS WITH THE SULPHUR CITY MANAGER, THE INDUSTRIAL AUTHORITY TRUSTEES WERE TOLD THAT THE CITY AND COUNTY WOULD USE THEIR EQUIPMENT AND PERSONNEL TO BUILD A PARKING LOT AND THE AUTHORITY WOULD PAY FOR THE MATERIALS. THE INDUSTRIAL AUTHORITY HAS NOW BEEN INFORMED BY THE CITY COUNCIL AND CITY ATTORNEY THAT THEY FEEL IT WOULD BE UNLAWFUL FOR THEM TO FULFILL THIS COMMITMENT. THUS, THE QUESTION HAS ARISEN CAN THE CITY AND COUNTY WORKING WITH THE INDUSTRIAL AUTHORITY BUILD A PARKING LOT ON INDUSTRIAL AUTHORITY PROPERTY?
AFTER REVIEWING THE APPLICABLE STATUTES, IT APPEARS THAT THE CITY, COUNTY AND THE INDUSTRIAL AUTHORITY COULD ENTER INTO A SIMPLE, LEGALLY BINDING CONTRACT FOR THE PURPOSE OF CONSTRUCTING THE ASPHALT PARKING LOT DESCRIBED ABOVE. THE CITY AND COUNTY MAY CONTRACT TO APPROPRIATE FUNDS OR SUPPLY PERSONNEL, SERVICES OR EQUIPMENT TO BE USED IN SECURING OR DEVELOPING INDUSTRY WITHIN OR NEAR THE MUNICIPALITY OR COUNTY. TITLE 62 O.S. 652 AND 62 O.S. 653 (1981). ECONOMIC DEVELOP IS A LEGITIMATE PUBLIC PURPOSE FOR WHICH PUBLIC FUNDS MAY BE EXPENDED. BURKHARDT V. CITY OF ENID, 771 P.2D 608 (OKLA. 1989).
THE CONTRACT BETWEEN THE CITY OF SULPHUR, MURRAY COUNTY AND THE INDUSTRIAL AUTHORITY SHOULD SET OUT, AMONG OTHER THINGS, THE SERVICES TO BE PERFORMED BY THE PARTIES. THE CONSIDERATION FOR THE CONTRACT WOULD BE THE PARTIES MUTUAL PROMISES TO PERFORM THE SERVICES DESCRIBED FOR THE PURPOSE OF ECONOMIC DEVELOPMENT IN THE CITY OR COUNTY.
IT IS THEREFORE MY CONCLUSION THAT THE CITY OF SULPHUR, MURRAY COUNTY AND THE MURRAY COUNTY INDUSTRIAL CAN ENTER INTO CONTRACT FOR THE PURPOSES OF CONSTRUCTING THE ASPHALT PARKING LOT ON THE INDUSTRIAL AUTHORITY'S PROPERTY AS DESCRIBED IN MR. ARMITAGE'S LETTER.
(DAN M. PETERS)